UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD E. HARLOW,

Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

Defendant.

CASE NO. C06-5377RBL-KLS

REPORT AND RECOMMENDATION

Noted for January 19, 2007

Plaintiff, Edward E. Harlow, has brought this matter for judicial review of the denial of his applications for disability insurance and supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Honorable Ronald B. Leighton's review.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff currently is sixty-one years old.[1] Tr. 24. He has a high school education, including some

[1]Plaintiff's date of birth has been redacted in accordance with the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

special education classes, and past work experience as a janitor, an airport cargo agent, a laborer, a recycle processor, and a carnival ride operator. Tr. 15, 67, 72, 79, 97, 102, 105.

On March 3, 2003, plaintiff constructively filed applications for disability insurance and SSI benefits, alleging disability as of September 24, 2002, due to a cognitive disorder, low intellectual functioning, dyscalculia, a back injury, depression, and vision problems. Tr. 14-15, 45-47, 66, 96, 271-72, 278-81. His applications were denied initially and on reconsideration. Tr. 24-26, 28, 273-74, 283-84, 288-89. A hearing was held before an administrative law judge ("ALJ") on June 22, 2005, at which plaintiff, represented by counsel, appeared and testified. Tr. 298-314.

On January 19, 2006, the ALJ issued a decision, determining plaintiff to be not disabled, finding specifically in relevant part:

(1) at step one of the disability evaluation process,[2] plaintiff had not engaged in substantial gainful activity since his alleged onset date of disability;

(2) at step two, plaintiff had "severe" impairments consisting of moderate scoliosis and osteoarthritis of the thoracic spine, mild osteoarthritis and osteopenia of the lumbar spine with beginning degenerative disc disease, an organic mental disorder, and a depressive disorder;

(3) at step three, none of plaintiff's impairments met or equaled the criteria of any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; and

(4) at step four, plaintiff had the residual functional capacity to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, stand and/or walk about 6 hours in an 8-hour work day, sit about 6 hours in an 8-hour workday, and perform simple repetitive tasks with limited public contact, which did not preclude him from performing his past relevant work.

Tr. 22-23. Plaintiff's request for review was denied by the Appeals Council on May 12, 2006, making the ALJ's decision the Commissioner's final decision. Tr. 6; 20 C.F.R. § 404.981, § 416.1481.

On July 7, 2006, plaintiff filed a complaint in this Court seeking review of the ALJ's decision. (Dkt. #1). Specifically, plaintiff argues that decision should be reversed and remanded for an award of benefits, because the ALJ erred in evaluating the medical evidence in the record regarding his physical impairments and limitations and in assessing his residual functional capacity. The undersigned, however, does not agree that the ALJ erred in determining plaintiff to be not disabled. Accordingly, for the reasons set forth below, the undersigned recommends the ALJ's decision be affirmed.

---

[2]The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

DISCUSSION

This Court must uphold the Commissioner's determination that plaintiff is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 524-25 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Commissioner's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

I. The ALJ's Assessment of Plaintiff's Residual Functional Capacity

If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. Id. It thus is what the claimant "can still do despite his or her limitations." Id.

A claimant's residual functional capacity is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. Id. However, a claimant's inability to work must result from his or her "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing a claimant's residual functional capacity, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

Here, as noted above, the ALJ assessed plaintiff with the following residual functional capacity:

> [T]he claimant retains the residual functional capacity to occasionally lift and/or carry 50 pounds, frequently lift and carry 25 pounds, stand and/or walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday. He can perform simple repetitive tasks with limited public contact.

Tr. 21. Plaintiff argues the ALJ's assessment of his residual functional capacity is not supported by the

substantial evidence in the record. Specifically, plaintiff asserts the ALJ erred in rejecting the opinion of Kenneth Kirkwood, M.D., an examining physician, who found plaintiff to have far more severe work-related limitations than did the ALJ. The undersigned disagrees.

II. The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in the original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of

a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir.,2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

In late March 2004, Dr. Kirkwood completed a state agency physical evaluation form based on his examination of plaintiff. Tr. 249-53. He diagnosed plaintiff with a lumbar strain that restricted plaintiff's ability to bend, climb, crouch, sit and stoop, and limited his overall work level to only sedentary work. Tr. 251. Dr. Kirkwood also estimated that without medical treatment these work activity limitations would continue for at least twelve months. Tr. 252.

With respect to Dr. Kirkwood's work limitations opinion and the medical evidence in the record concerning plaintiff's physical limitations in general, the ALJ found as follows:

> The record does not contain an opinion from a treating or examining physician indicating that the claimant is disabled or has limitations greater than those determined in this decision. With regard to physical residual functional capacity, I give little weight to the [Washington state] DSHS [Department of Social and Health Services] opinion by Dr. Kirkwood, who opined that the claimant was limited to sedentary work (Exhibit 11F). His "check-the-box" evaluation form provides no explanation of the basis for the limitations assessed. His limitations sharply contrast with the other evidence of record, which renders his opinion less persuasive. He apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what he reported. Yet, as explained elsewhere in this decision, the claimant's reports of physical limitations are not entirely credible or supported by the longitudinal evidence. Such DSHS opinions are likely accommodation opinions rather than opinions on residual functional capacity and the ability to work. The objective medical evidence does not support a limitation to sedentary work, thus I find the claimant is capable of working and is not totally and completely disabled.
>
> The [Washington state] DDS [Disability Determination Services] evaluators did not assess the claimant's physical residual functional capacity. The only other opinions in the file with regard to physical limitations are found in the consultative evaluations (Exhibits 8F and 13F). Dr. [Michael] Rosenfield[, D.O.,] found that the claimant did not have any physical limitations (Exhibit 8F). Dr. [Gary] Garfield[, D.O.,] opined that, although the claimant could frequently carry 10 pounds and occasionally carry 50 pounds, there were no physical findings that would prevent him from sitting, standing, walking, or working for an 8-hour day (Exhibit 13F). Given the totality of the physical evidence, I give significant weight to these conclusions with the exception to the limit to frequently [sic] 10 pounds, and find that they support a medium residual functional capacity.

Tr. 20. The undersigned finds the ALJ's analysis set forth above to be largely supported by the substantial evidence in the record.

Plaintiff first notes that while the residual functional capacity with which the ALJ assessed him falls within the category of medium work, no medical source in the record made this specific finding. See 20 C.F.R. §§ 404.1567(c), 416.967(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."). However, it is the ALJ who has the responsibility to determine a claimant's specific residual functional capacity based on the substantial evidence in the record. There is no requirement that this determination first be made by a medical source, and, as explained below, there is substantial evidence here for the ALJ's determination.

Plaintiff next takes issue with the ALJ's statement that Dr. Kirkwood provided "no explanation of the basis for the limitations assessed" in his opinion. Tr. 20. Plaintiff points to comments made by Dr. Kirkwood in his opinion that a low back spasm was present, that x-rays demonstrated the presence of both scoliosis and degenerative changes, that lab work came back as negative, and that plaintiff should obtain a primary care physician and a physiatrist consultation. Tr. 253. While it may not have been completely accurate for the ALJ to have stated that Dr. Kirkwood provided no explanation regarding the basis for the limitations he assessed, the comments noted above hardly support a finding of sedentary work limitations. Batson, 359 F.3d at 1195 (ALJ need not accept opinion of treating physician if it is inadequately supported by clinical findings). To that extent, therefore, the ALJ correctly found Dr. Kirkwood's opinion contained no objective medical support for the work-related limitations noted therein.[3]

Plaintiff argues the ALJ erred in stating the limitations found by Dr. Kirkwood sharply contrasted with other evidence in the record. First, plaintiff asserts there is no legal basis for an ALJ to discount a medical opinion because it is not consistent with other medical opinions, stating that it is the duty of the ALJ to resolve conflicts in the evidence, and not to merely point out those conflicts. The undersigned finds this argument to be disingenuous. Where the opinion of an examining physician is based on independent clinical findings, it is within the ALJ's discretion to disregard the conflicting opinion in another examining

[3]As noted by the ALJ, furthermore, Dr. Kirkwood's opinion appears to be the type of "check-the-box" report disfavored by the courts. See Murray v. Heckler, 722 F.2d 499, 501 (9th Cir.1983) (expressing preference for individualized medical opinions over check-off reports)

physician's diagnosis. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). Further, the ALJ did not find merely that a conflict existed, but that, contrary to the findings and opinion of Dr. Kirkwood, the objective medical evidence in the record, including the opinions of two other examining physicians, did not support a sedentary work limitation.

Second, plaintiff asserts Dr. Kirkwood's opinion did not conflict with the other medical opinions contained in the record. A review of those opinions clearly shows plaintiff's assertion to be without any merit. Plaintiff was examined by Dr. Rosenfield in late July 2003. Both the physical and neurological examinations performed at that time were essentially negative and thus unremarkable. Tr. 237-38. With respect to plaintiff's functional assessment, Dr. Rosenfield opined as follows:

> The number of hours that he could be expected to stand or walk in an eight-hour workday with normal breaks is without limitations.
>
> The number of hours that he could be expected to sit in an eight-hour workday with breaks is without limitations.
>
> Assistive devices are not medically necessary for the claimant.
>
> The amount of weight the claimant could lift or carry, both occasionally and frequently, is without limitations.
>
> No postural limitations exist to bending, stooping, crouching, etc., and no manipulative limitations exist to reaching, handling, feeling, grasping, or fingering.
>
> No relevant visual, communicative, or workplace environmental limitations exist for the claimant.

Tr. 238-39. Thus, as admitted by plaintiff, Dr. Rosenfield found no exertional limitations, which hardly can be said to be consistent with the limitations found by Dr. Kirkwood.

Plaintiff argues, however, that Dr. Rosenfield's opinion cannot fairly be said to conflict with that of Dr. Kirkwood, because Dr. Kirkwood received a personal history from plaintiff of a slip and fall on ice that occurred subsequent to the examination performed by Dr. Rosenfield. Tr. 253. First, it must be noted that Dr. Kirkwood's notations indicate that the slip and fall occurred in 1994. Id. Even if the alleged injury did occur after Dr. Rosenfield had examined plaintiff though, there is no evidence in Dr. Kirkwood's notations, or elsewhere in the record for that matter, to show that the injury was sufficient to render plaintiff incapable of all but sedentary work. In addition, the ALJ found plaintiff's allegations regarding his limitations to be not fully credible, and plaintiff has not challenged that finding. Tr. 19-20, 22.

Plaintiff also was examined by Dr. Gaffield in late July 2005. While Dr. Gaffield did find some

issues with plaintiff's coordination, station and gait, and with his range of motion due to low back pain, as found by Dr. Rosenfield, the remainder of the physical examination was largely unremarkable. Tr. 261-63. Dr. Gaffield diagnosed plaintiff with low back pain, and provided the following assessment of his ability to function physically:

> There were no physical findings today that would prevent this claimant from working, standing and walking for an eight-hour day or [sic] were there any physical findings that would prevent this claimant from sitting for an eight-hour day. Assistive devices: None would be required. The claimant would need to avoid carrying over 50 pounds on either an occasional or frequent basis due to positive straight leg findings on both lower extremities. She [sic] could carry up to 5 pounds on a frequent basis. Postural limitations are on an occasional basis. He would be allowed to bend, stoop, and crouch. This is limited by his positive findings of straight leg in both lower extremities. Manipulative limitations are none. The workplace would not require environmental changes.

Tr. 263.

Dr. Rosenfield also completed a medical source statement of ability to do physical work-related activities at that time, in which he noted the following limitations: lift and/or carry 50 pounds occasionally and 10 pounds frequently; and occasional climbing, balancing, kneeling, crouching, crawling, and stooping (limited "by positive finding on straight leg raising strongly suggestive of low back pathology"). Tr. 266-67. Further, he found no standing, walking and/or sitting limitations, pushing and/or pulling limitations, or manipulative, visual, communicative, or environmental limitations. Tr. 266-69.

Plaintiff argues that Dr. Gaffield's opinion does not differ significantly from the sedentary work limitation opinion provided by Dr. Kirkwood, because a limitation to lifting and/or carrying five pounds frequently is consistent with the definition of sedentary work. Sedentary work is defined in the Social Security Regulations as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). While it is true, as can be seen, that the definition of sedentary work contains a limitation to lifting no more than ten pounds at a time, the mere fact that Dr. Gaffield found plaintiff to have this limitation, does not mean his opinion overall was consistent with that of Dr. Kirkwood. Indeed, Dr. Kirkwood found no lifting and/or carrying limitations. In addition, jobs are sedentary only if no more than occasional standing and walking are required. Dr. Gaffield, however, opined that plaintiff was not

physically limited from standing and walking for an eight-hour day.[4] Accordingly, the undersigned rejects plaintiff's contention that there is no real conflict between Dr. Kirkwood's opinion and the other medical sources in the record bearing on the question of exertional capacity.

Plaintiff further asserts the ALJ cannot credibly claim that Dr. Kirkwood relied on his subjective complaints alone in limiting him to sedentary work, in light of the objective medical findings contained in Dr. Kirkwood's report. As noted above, however, it was not improper for the ALJ to determine that those findings were insufficient to support Dr. Kirkwood's sedentary work limitation. Thus, given this lack of support, the ALJ did not err in finding the limitations opined by Dr. Kirkwood likely were based largely on plaintiff's subjective complaints, or in discounting those limitations for that reason. See Tonapetyan, 242 F.3d at 1149 (ALJ may disregard medical opinion premised on claimant's complaints where record supports ALJ in discounting claimant's credibility); see also Morgan, 169 F.3d at 601 (opinion of physician premised to large extent on claimant's own accounts of her symptoms and limitations may be disregarded where those complaints have been properly discounted).

Lastly, plaintiff argues the ALJ gave no reasons for rejecting the limitation to lifting and/or carrying no more than five or ten pounds found by Dr. Gaffield. The ALJ though did state that "[g]iven the totality of the physical evidence," he gave "significant weight" to the conclusions of Drs. Rosenfield and Gaffield, "with the exception to the limit to frequently [sic] 10 pounds." Tr. 20. While certainly this may not have been the most specific statement the ALJ could have made on this issue, in making it, the ALJ at the very least implied the substantial weight of the medical evidence in the record, which he expressly discussed in the immediately proceeding paragraphs, did not support that limitation. Magallanes, 881 F.2d at 755, (court itself may draw specific and legitimate inferences from ALJ's opinion). Given that neither Dr. Rosenfield nor Dr. Kirkwood found any carrying or lifting restrictions, the ALJ was not remiss in finding the medical evidence in the record did not support the above limitation found by Dr. Gaffield.

Because the ALJ did not err in rejecting the work-related limitations found by Dr. Kirkwood or in

---

[4] Plaintiff argues that this opinion of Dr. Gaffield's does not undercut Dr. Kirkwood's opinion regarding sedentary work, because Dr. Kirkwood merely opined that plaintiff was limited to sedentary work, and not that he was totally disabled. Thus, plaintiff asserts, nothing in Dr. Gaffield's opinion precludes sedentary work. Plaintiff, however, misses the point. As just explained, sedentary work involves no more than occasional standing and walking, whereas Dr. Gaffield found plaintiff would be able to stand and walk for the full eight-hour workday. This clear lack of any standing and walking restrictions necessarily precludes a limitation to solely sedentary work.

evaluating the other medical evidence in the record, plaintiff's argument that the ALJ erred in assessing his residual functional capacity and in finding him not disabled must fail as well.

CONCLUSION

Based on the foregoing discussion, the Court should find the ALJ properly concluded plaintiff was not disabled, and should affirm the ALJ's decision.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **January 19, 2007**, as noted in the caption.

DATED this 22nd day of December, 2006.

Karen L. Strombom
United States Magistrate Judge